UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CR032 RWS |
| | ) | |
| VICTOR DWAYNE ASHWORTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court based on the Government's motion that the Defendant be detained as a flight risk and a danger to the community. In determining this matter, the undersigned will consider the information in the Pretrial Services report, the information proffered at the hearing by both the Defendant and the Government, and the indictment in this matter.

The Pretrial Services report shows that the Defendant is 48 years old, and currently resides with his mother, six year-old son, and girlfriend at his mother's house in Warrenton, Missouri. He is currently employed as a tree trimmer on a seasonal basis. He graduated from Houston High School in Houston, Missouri, and attended two years of college. Although the Defendant's father lives in Houston, Texas, and one brother lives in Omaha, Nebraska, most of the Defendant's relatives reside in Missouri, and a majority of the Defendant's life has been spent in this state. The report also reveals that the Defendant entered the Air Force in 1980, and was honorably discharged from the Air Force approximately two years later. The Pretrial Services report also reveals that the Defendant has not used marijuana or any other drugs in the past 16 years, and according to the Defendant no longer consumes alcohol.

The Defendant has been arrested on three occasions for alcohol-related driving misdemeanors, having been last convicted of excessive blood alcohol content approximately ten years ago. The Defendant is currently charged in a 15-defendant indictment with one count of conspiracy to distribute in excess of 1,000 kilograms of marijuana. The penalty for the above charge, should the Defendant be convicted, is imprisonment for not less than ten years nor more than life, and a fine of up to $4 million, or both. The undersigned notes that the "drug and firearm offender presumption" applies in this case. This is so because the grand jury indictment provides probable cause to believe that the Defendant has committed a drug offense for which a penalty in excess of ten years is in effect. The Government has also stated that the Defendant's guidelines in this case would make him subject to up to life imprisonment. In order to negate this presumption, the defense must only produce "some relevant evidence." See United States v Jessup, 757 F.2d 378 (1st Cir. 1985). Once this is introduced, although the burden shifts back fully to the Government, it does not eliminate this presumption entirely, although the presumption becomes just one factor on which bail must be determined and is not a determining factor or presumption. It remains a factor, however, particularly in cases like the case now at bar, which involves a sophisticated and allegedly large scale narcotics conspiracy. See United States v. Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987). In this matter, at the hearing, the Defendant proffered that he could tender up to $50,000 in surety bond, and stated that his mother would be willing to pledge her property to insure the Defendant's release as part of the $50,000. The Defendant also stated that he would participate in electronic monitoring if the Court orders it. The undersigned concludes that this proffer meets the Defendant's burden of producing "some relevant evidence."

In order to meet its overall burden that the Defendant be detained in this matter, the Government must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or any other person, or the Government must prove by a preponderance of the evidence that the Defendant is a flight risk to such an extent that no condition or combination of conditions will reasonably assure the Defendant's presence at trial and for other matters. In order to meet this burden, the Government proffered at the hearing that approximately 100 firearms were seized from two premises under the control of the Defendant. They also proffered that the Defendant was one of the prime movers in this large conspiracy, and, in fact, he is the third-named defendant in this matter. In addition, the Government alleged that the Defendant's property in Columbia, Missouri, was used as a "clubhouse" for the "Invaders," which is apparently a motorcycle club or gang of which the Defendant is a member.      Based on the above facts, the undersigned concludes that although this matter is quite close, the Government has not met its burden of showing by clear and convincing evidence that the Defendant is a danger to the community. Although 100 guns were seized from premises under the Defendant's control, there is no allegation that these guns were unlawful for the Defendant to possess, and, in fact, no one has been indicted for possession of these firearms. Although obviously firearms can and are often used in furtherance of drug-trafficking crimes, this is not alleged in the indictment against this Defendant in this matter, nor was anything proffered at the detention hearing to indicate that these weapons were being used by the Defendant or others in furtherance of drug-trafficking crimes. In this regard, neither the indictment nor the proffer reveals that violence of any type was used in furtherance of the crimes with which the Defendant and others are now charged. Although the undersigned is aware that violence is sometimes perpetrated in furtherance of drug crimes, there is no information on the

3

record to show that happened in the case now at bar. In addition, the significance of the Defendant's membership in the "Invaders" and the "Invaders" relationship to this case is not stated on the record in this case.

As to both potential flight risk and danger to the community, the Defendant has proffered that he can make a secured bond in the amount of $50,000, that his mother is willing to pledge her house on the bond, and that he is willing to submit to electronic monitoring. Therefore, based on the above, the undersigned concludes that if the following conditions are satisfied in their entirety, the Defendant may be released on bond.

1) The Defendant must post a $50,000 secured bond.

2) The Defendant's mother must pledge her property on the bond.

3) The Defendant must submit to electronic monitoring as directed by the Court.

4) The Defendant must consume no alcohol.

5) The Defendant must be subject to the standard conditions of release in this District including drug testing.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for Pretrial Detention [Doc.#6] be **denied**.

**IT IS FURTHER ORDERED** that this order denying the Government's motion for detention will be **stayed** for three (3) days in order to allow the Government to appeal this order or to submit additional information on this matter, if it so desires.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  25th  day of February, 2009.